IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DEBORAH M. SALAS                                                                                        PLAINTIFF

V.                                    NO. 15-5102

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                        DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Deborah M. Salas, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current applications for DIB on November 6, 2011, and SSI on November 22, 2011, respectively, alleging an inability to work since November 6, 2011, due to chronic depression, anemia, back and neck pain, severe leg cramps, migraines, and mental retardation. (Tr. 64-65, 171-182, 209-210, 214). An administrative hearing was held on August 13, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 31-61).

By written decision dated November 22, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – disorder of the back, anxiety, and an affective disorder. (Tr. 16). However, after reviewing all

1

of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant can perform simple, routine and repetitive tasks in a setting where interpersonal contact is incidental to the work performed and the supervision is simple, direct and concrete.

(Tr. 18). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would not be able to perform her past relevant work, but there were other jobs Plaintiff would be able to perform, such as hardware assembler, hand packer, and machine operator or tender (foam machine operator). (Tr. 23-24).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on February 26, 2015. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards

v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §423(d)(1)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able

to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC. See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §404.1520, abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

### III. Discussion:

Plaintiff raises the following issues in this matter: 1) Whether the ALJ erred in disregarding the opinions and findings of Dr. Edwin Jones and Dr. Richard Back; 2) Whether the ALJ erred in failing to consider all of Plaintiff's impairments in combination; 3) Whether the ALJ erred in his credibility analysis and findings: 4) Whether the ALJ erred in finding that Plaintiff retains the RFC to perform a limited range of medium work; and 5) Whether the ALJ erred in failing to fully and fairly develop the record. (Doc. 10).

#### A. Impairments in Combination:

Plaintiff argues that the ALJ neglected to discuss in any detail her memory problems, hand and wrist pain with a history of carpal tunnel syndrome, migraine headaches, or difficulty sleeping, and disregarded Plaintiff's diagnosed history of borderline personality disorder, borderline intellectual functioning, adjustment disorder, mental retardation, and obsessive compulsive disorder.

In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'" (Tr. 15). He also stated that an impairment or combination of impairments is "not severe" when medical and other evidence established only a slight

4

abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. (Tr. 15). The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings. (Tr. 15). The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments. (Tr. 17). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

In addition, the ALJ discussed the fact that although Plaintiff attributed her disability, in part, to mental retardation, neither Dr. Terry Efird, Ph.D., nor Dr. Richard Back, Ph.D., found Plaintiff functioned in the mentally retarded range. (Tr. 16). The ALJ also discussed Plaintiff's alleged mental impairments, and Dr. Efird's and Dr. Back's conclusions relating thereto. (Tr. 17-18).

The Court finds there is substantial evidence to support the fact that the ALJ considered all of Plaintiff's alleged impairments in combination.

### B.     Credibility Analysis:

Plaintiff argues that the ALJ offered no valid explanation as to why he found Plaintiff's testimony not to be credible. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th

Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible. (Tr. 19). The ALJ then began noting some of the inconsistencies in the record, such as the fact that: although Plaintiff complained of neck and back pain in 2011, there was no fracture noted and Plaintiff was prescribed pain medications and muscle relaxants; Dr. Konstantin V. Berestnev released Plaintiff to return to work on April 22, 2011, without restriction; although Plaintiff returned for treatment at Ozark Guidance Center (OGC) in September of 2012, she did not return for further treatment after these initial evaluations, and was discharged on January 3, 2013; and Dr. Efird suspected some exaggeration of symptoms associated with Cluster B traits. (Tr. 19-20). The ALJ also discussed Plaintiff's daily activities, noting that Plaintiff was able to clean her house, prepare her own meals, use the dishwasher, vacuum, dust, make her bed, do her laundry, go outside most days, drive a car, shop for food and household items, and talk with others several times a week. (Tr. 17, 234-238).

The Court also notes that Plaintiff was at times non-compliant with her medications, which appeared to have worked relatively well. (Tr. 250, 404). Although Plaintiff contends that she was unable to afford the medication, she was somehow able to afford to smoke ½

pack of cigarettes per day. (Tr. 459). Plaintiff's smoking habit discredits her disability allegations. See Lewis v. Barnhart, 353 F.3d 642, 647 (8th Cir. 2003); Riggins v. Apfel, 177 F.3d 689, 693 (8th Cir. 1999); Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir. 1997).

Based upon the foregoing, the Court finds that there is substantial evidence to support the ALJ's credibility analysis and findings.

### B. **RFC Determination:**

Plaintiff argues that she is unable to perform full-time work, that the ALJ should have obtained a physical RFC assessment, and that the ALJ failed to include Plaintiff's borderline intellectual functioning in his RFC.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Gilliam's v. Barnhart, 3 93 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-

MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

As indicated earlier, the ALJ found that Plaintiff retained the RFC to perform medium, unskilled work. In his decision, the ALJ discussed the fact that the objective medical evidence of record did not support her allegations of physical and mental impairments. (Tr. 19-20). He noted, and the record supports, the fact that on April 22, 2011, Dr. Berestnev released Plaintiff to work without restrictions and reported she had completed physical therapy and was feeling better; that she was able to walk on tiptoes and heels; demonstrated a full range of motion in her back and neck and complained of no pain to palpitation to her cervical, thoracic or lumbar spine; had full range of motion in her hips; negative straight leg raises; normal reflexes; no sensory defect; and good muscle strength and tone. (Tr. 19, 365). On January 19, 2012, Dr. James Wellons completed a Case Analysis, wherein he noted that Plaintiff was released to return to work on April 22, 2011. (Tr. 399). He also reported no record of problems related to migraines headaches were found in the file. Dr. Wellons reported that Plaintiff reported no problems with personal care, the ability to prepare meals, do light household chores, go out alone, drive and shop, and that this was thought to be credible. Dr. Wellons concluded that the available medical records did not reveal a severe residual somatic impairment. (Tr. 399). The ALJ also discussed the February 29, 2012 MRI, which revealed multilevel spondylosis most pronounced at the L5-S1 level with mild to moderate bilateral exit neuroforaminal narrowing, but no significant stenosis. (Tr. 20). The ALJ noted that in a medical report dated October of 2012, Plaintiff reported that she was there to "strengthen her [disability] case." (Tr. 20, 477). On October 15, 2012, Dr. Judith Forte completed a Case Analysis, and reported that she has reviewed all the evidence

in the file and affirmed the assessment of January 19, 2012. (Tr. 446). A CT scan of Plaintiff's cervical spine, taken on April 2, 2013, revealed a non-united anterior cervical fusion of C6 and C7 levels with fractured C7 screws and multilevel spondylosis, and the ALJ noted that prior records indicated Plaintiff underwent a cervical fusion in November of 1991. (Tr. 20).

The ALJ also discussed Plaintiff's mental evaluation records, including those of Jared Sparks, LCSW, Dr. Edwin C. Jones, Mr. Defreece, LPC, Dr. Terry Efird, and Dr. Richard Back. (Tr. 20-21). The ALJ concluded that the record more clearly supported Dr. Efird's finding, "as evidenced by the scanty mental health treatment the claimant sought and received since the alleged disability onset date, as well as her ability to work part-time." (Tr. 22).

Finally, the ALJ noted that Plaintiff had filed "dozens of applications for disability and filed this last application immediately after being terminated from her job at Decision Point for non-disability-related reasons." (Tr. 23).

The Court finds the ALJ gave sufficient reasons for giving Dr. Back's opinion little weight. Although Dr. Back found Plaintiff had marked limitations in several areas, and a low GAF score, he also found that Plaintiff's persistence was adequate and her capacity to complete work-like tasks within an acceptable timeframe was only mildly impaired as she completed testing within a timely fashion overall. (Tr. 22, 487). The ALJ found the medical evidence more clearly supported the findings of Dr. Efird, and based upon the record as a whole, the Court agrees. This is also consistent with the opinions of the state agency consultants, which were given substantial weight. In addition, the ALJ incorporated

Plaintiff's alleged mental impairments in his RFC, finding Plaintiff could perform unskilled work.

The Court finds there is substantial evidence to support the ALJ's RFC determination and the weight he gave to the various opinions.

### C. Failure to Fully and Fairly Develop the Record:

Plaintiff argues that the ALJ neglected to procure any medical evidence in the form of a general physical examination or a physical RFC assessment. "Plaintiff bears a heavy burden in showing the record has been inadequately developed." Chapman v. Colvin, No. 4:15-CV-00522-JLH-JJV, 2016 WL 2585652 at *4 (E.D. Ark. Apr. 11, 2016). The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 1989). "There is no bright line rule indicating when the Commissioner has

or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." Mans v. Colvin, No. 13-CV-2103, 2014 WL 3689797 at *4 (W.D. Ark., July 24, 2014)(quoting Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994).

As indicated above, the Court finds there is substantial evidence to support the ALJ's RFC determination. The ALJ is not required to order a consultative evaluation of every alleged impairment, Matthew v. Bowen, 879 F.2d 422, 424 (8th Cir. 1989), and the Court finds that the existing medical sources contain sufficient evidence for the ALJ to make a determination. Furthermore, Plaintiff has failed to show any prejudice. Therefore, the Court finds the ALJ did not fail to fully and fairly develop the record.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed.  The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 6th day of July, 2016.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE